UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
MAGNOLIA LANE CONDOMINIUM           Case No.: 19-24437-LMI
ASSOCIATION, INC.                   Chapter 11

       Debtor,
_____/

MAGNOLIA LANE CONDOMINIUM           API Case No. 19-01954-LMI
ASSOCIATION, INC.

       Plaintiff,

v.

SECURITY & FIRE SYSTEMS, INC.

       Defendant
_____/

## PLAINTIFF MAGNOLIA LANE CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the Plaintiff **MAGNOLIA LANE CONDOMINIUM ASSOCIATION, INC.**, as a Debtor and Debtor-In-Possession ("Debtor") by and through its undersigned Counsel and files this Motion for Summary Judgment to recover preferential transfers against Defendant, SECURITY & FIRE SYSTEMS, INC. ("Defendant") pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure. In doing so, it states as follows:

### I. STATEMENT OF FACT

1. **Pre-petition debt.** On July 10, 2018, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County entered a Final Judgment After Default awarding the Plaintiff a total of $342,029.11 ("Judgment"). *See Judgment attached hereto as **Exhibit A**.*

1

2. That award included unliquidated damages based on the Debtor's failure to defend the lawsuit brought by Defendant in connection with the alleged breach of a fire alarm contract by Debtor. *See Complaint [DE-1]*. The Judgment was entered without a Trial as to unliquidated damages. *Id.*

3. Following said Judgment, Defendant began to make efforts to collect said funds. In connection with those efforts, Defendant received three (3) payments, two of which is has admitted to receiving, from Debtor within the ninety (90) day period prior to the Debtor's filing of the Bankruptcy Petition.

### *The Bankruptcy Filing.*

4. Debtor filed a Voluntary Petition for relief under the Bankruptcy Code on October 28, 2019 (hereinafter, "Petition Date").

### *The Preference Period & Payments to Creditor*

5. During the ninety (90) day period prior to the Petition Date, July 29, 2019 through October 28, 2019 the Defendant received preference payments for the satisfaction of antecedent debts in the form of payments towards the State- Court Judgment.

6. Debtor made three payments to Defendant in September 2019 and October 2019 related to a prior state court final default judgment rendered against Debtor in Defendant's favor on July 10, 2018. *See Debtor's Complaint* [D.E. 1].

7. The three payments were in the form of Garnishments of Debtor's Account at Executive National Bank. The Garnishments are the following:

   a) 8/30/2019-Final Judgment of Garnishment in the amount of $ 10,209.53. The Judgment was entered in response to Garnishee's Answer of 08/13/2019 in which it stated that it held $ 10,209,53 of the Defendant's money in response to the Garnishment. The Judgment ordered the Garnishee to turn over the funds to the Plaintiff.  **(See Exhibit B).**

   b) 9/26/2019-Second Final Judgment of Garnishment in the amount of $ 8,838.85. The Judgment was entered in response to Garnishee's Answer of 09/12/2019 in which it stated that it held $ 8,838.85 of the Defendant's money in response to the Garnishment. The Judgment ordered the Garnishee to turn over the funds to the Plaintiff.  **(See Exhibit C).**

c) 10/31/2019-Answer of Garnishee (in response to Plaintiff's 3rd Motion for Garnishment) Executive National Bank states that the Garnishee holds $ 2,086.60 of the Defendant's money in response to the Garnishment.  Upon information and belief it does not appear as if these funds were turned over to Plaintiff (due to the Debtor's filing of the Voluntary Petition) and the Debtor has filed a Motion with the State Court to direct the Garnishee to  turnover of the funds to the Defendant.   (**See Exhibit D).**

8. Prior to the filing of the Voluntary Petition, the undersigned Counsel requested from the Creditor's (Defendant) State Court Counsel a pay off statement or a statement of account (hereinafter, "Statement of Account").  (See Affidavit of Debtor's Counsel filed separately).

9. In the Statement of Account, the Creditor Defendant admits the receipt of the payment of $10,209.53 on September 17, 2019 and the receipt of $ 8,838.83 on October 9, 2019.  (See Exhibit E-Statement of Account).

10. On November 29, 2019, the Debtor made a demand to the Defendant for preference payments which the Defendant ignored.  See Exhibit F.

## II.  MEMORANDUM OF LAW

### 1.  LEGAL STANDARD-MOTIONS FOR SUMMARY JUDGMENT

In Adversary Proceedings, Rule 7056 applies to Summary Judgment.  Rule 7056 of the Federal Rules of Bankruptcy Procedure states as follows:

*Rule 56 F. R. Civ. P. applies in adversary proceedings, except that any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise.*

Rule 56 of the Federal Rules of Civil allows a court to grant a party's motion for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and [that] the moving party is entitled to a judgment as a matter of law."  At the summary judgment

stage, the court should not weigh evidence, but determine whether there is a genuine issue for trial. *Ryder Int'l Corp. v. First American Nat'l Bank*, 943 F.2d 1521 (11th Cir. 1991). All facts and inferences must be construed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). The moving party in a motion for summary judgment has the initial burden of showing the non-existence of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

    2. **Elements of a 547(b) Preference Claim**

A trustee may avoid a preferential transfer when as interest in property of the debtor is transferred: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) while the debtor is insolvent; (4) within 90 days preceding commencement of the case or between 90 days and one year if the transferee was in insider; and (5) where the creditor received a greater benefit than it would have received under the distribution provisions of the Bankruptcy Code. 11 U.S.C. 547(b); In re Mason, 189 B.R. 932, 935 (Bankr. N.D. Iowa 1995). The Burden of proof is on the trustee. 11 U.S.C. 547(g). An insider includes a relative of the debtor. 11 U.S.C. 101(31)(A).

There is a presumption of insolvency in the 90 days directly preceding bankruptcy. 11 U.S.C. 547(f). Beyond the 90 day period, the party seeking to avoid the preferential transfer must supply proof of a debtor's insolvency. In re Cohard, 157 B.R. 449, 451 (Bankr. E.D. Mo. 1993). The relevant date for proof of insolvency is the time of the transfer, not the time of petition. 11 U.S.C. 547(b)(3). Under bankruptcy law, balance-sheet solvency determines whether payments to creditors are avoidable. In re Taxman Clothing Co., 905 F.2d 166, 170 (7th Cir. 1990). A traditional balance sheet test of insolvency is set out in 101(32)(A), which requires a determination of whether debts are greater than assets, at fair valuation, exclusive of exempt property. In re Koubourlis, 869 F.2d 1319, 1321 (9th Cir. 1989).

3. **Exceptions for New Value**

Transfers that are a substantially contemporaneous exchange for new value, or are made in the ordinary course of business may not be avoided under 547(b). 11U.S.C. 547(c)(1), (2). Under 547 (c)(1), a transfer is not avoidable where the parties intend the payment to be a contemporaneous exchange for new value, and the transfer was in fact a substantially contemporaneous exchange. In re Mason, 189 B.R. 932 (Bankr. N.D. Iowa 1995). In addition, a trustee may not avoid a transfer under 547(b) that was (1) in payment of a debt incurred in the ordinary course of business of both parties, (2) made in the ordinary course of business of both parties, and (3) made according to the ordinary business terms. Id. The creditor has the burden of proving either defense under 547(c). 11 U.S.C. 547(g).

### III. <u>SUMMARY JUDGMENT MUST BE ENTERED AS A MATTER OF LAW AS THERE IS NO ISSUE OF MATERIAL FACT THAT DEFENDANT RECEIVED PAYMENTS FROM DEBTOR DURING THE PREFERENCE PERIOD</u>

Defendant has not disputed that the September 2020 payments for $10,209.53 and $8,838.85, which together total $19,048.38 were made, and has not asserted any Affirmative Defenses in this case. *See Paragraphs 20 and 21 of Defendant's Answer and Affirmative Defenses* [D.E. 5] *and October 14, 2019 letter from Steven M. Greenberg, P.A. attached as Exhibit A*.

As further explained herein, under 11 U.S.C. Sections 547(b) and 550 said payments are deemed preferential transfers allowing the Debtor to recover payments made within 90 days of Debtor's Petition for Bankruptcy made under Chapter 11 to the extent that such payments provided the creditor, Defendant with an advantage over other creditors.  As preferential transfers without any creditor having made any affirmative defenses, $19,048.38 must be returned to Plaintiff.

All of Defendant's claims against Debtor's Chapter 11 estate must also be disallowed until such time as Defendant pays to Debtor an amount equal to the aggregate amount of the $19,048.38 plus interest therein and costs pursuant to U.S.C. 502(d).

Debtor is attempting to recover the third garnishment in the amount of $ 2,086.60 from the Garnishee through the State Court.  In the event the Garnishee has paid the Defendant, the Debtor reserves the right to claim these funds from the Defendant.

Debtor brings this motion for summary judgment to recover the $19,048.38 received by Defendant since there is no genuine issue of material fact that the payments were made within 90 days of Debtor filing its Petition for Bankruptcy and Debtor meets the requirements for recovery of the preferential payment pursuant to Section 547(b)(1).

On November 19, 2019, Debtor made its demand for the refund of the4 preference payments. As Defendant failed to return those funds, Debtor brought an Adversary Proceeding against Defendant and has asserted three (3) counts against Defendant: "Avoidance of Preferential Transfers" (Count I), 11 U.S.C. Section 547; "Recovery of Avoided Transfers" (Count II), 11 U.S.C. Section 550; and Disallowance of All Claims (Count III), 11 U.S.C. Section 502(d) and (j).

**A. This Court Should Grant Debtor's Claim for "Avoidance of Preferential Transfers" (Count I), 11 U.S.C. Section 547 Since it has Satisfied Section 547's Requisite Elements.**

Under 11 U.S.C. Section 547(b), a bankruptcy trustee may avoid any transfer of a debtor's property so long as the following requirements are met:

1. the debtor transferred its property to or for the benefit of a creditor [section 547(b)(1)];

2. the transfer was made on account of antecedent or existing indebtedness that the debtor owed the creditor [section 547(b)(2)];

3. the transfer was made when the debtor was insolvent [section 547(b)(3)];

4. the transfer was made within 90 days of the debtor's bankruptcy filing, in the case of a transfer to a non-insider creditor [section 547(b)(4)]; and

6

5. the transfer enabled the creditor to receive more than the creditor would have received in a Chapter 7 liquidation of the debtor; if the transfer had not been made; and such creditor received payment of such debt to the extent provided by the provisions of this title. [section 547(b)(5)].

The three payments made to Defendant in September 2019 and October 2019 undoubtedly satisfy each and every requirement under 11 U.S.C. Section 547(b) for those transfers to be deemed "preferential transfers:" First, Debtor transferred its property to or for the benefit of a creditor, (Defendant) within Section 547(b)(1) of the Bankruptcy Code because each transfer reduced a debt or debts owed by Debtor. That fact is supported by Defendant's letter listing the current balance due on the Judgment. *See October 14, 2019 letter from Steven M. Greenberg, P.A. attached as Exhibit _*. The letter reflects the payments made by the Plaintiff and amounts garnished by Defendant from Debtor's accounts subsequent to the Judgment. *See id.* Although the October 28, 2019 payment for $2,086.60 was not reflected therein, Defendant's letter admits that the payments for $10,209.53 and $8,838.85 were made within ninety (90) days of October 28, 2019, when Debtor filed a Voluntary Petition for relief under the Bankruptcy Code. *See id.* Further, Defendant admits in its Answer and Affirmative Defenses filed on January 23, 2020 ("Answer") that two payments were made on September 17, 2019 and September 28, 2019, and no Affirmative Defenses were contained in its Answer. *See Paragraphs 20 and 21 of Defendant's Answer and the Answer in its entirety, [D.E. 5]*.

Moreover, during the 90 Day Preference Period, Defendant was clearly a creditor at the time of transfers by virtue of the state court judgment that Debtor was obligated to pay. *See e.g., Nathan & Miriam Barnert Mem. Hosp. Ass'n v. Onward Healthcare, Inc. (In re Nathan & Miriam Barnert Mem. Hosp. Ass'n)*, 2009 Bankr. LEXIS 5569 (Bankr. D.N.J. Oct. 5, 2009) (Wire transfer of funds to creditor to win release of levy on hospital's bank account imposed after creditor won state court judgment was voidable as preference per 11 U.S.C.S. § 547(b) in hospital's Chapter 11.) Along those lines, that fact clearly satisfies the Second (2) Requirement of Section 547(b),

7

as the transfer was made on account of an antecedent or existing indebtedness that the debtor owed the creditor [section 547(b)(2)] since the payments were made for the purpose of reducing the amount owed by Debtor to Defendant for the outstanding Judgment referenced above.

The transfer was also made when the debtor was "insolvent," based on a balance sheet definition (liabilities exceeding assets) and presumed during the 90-day preference period [section 547(b)(3)] as reflected by the Debtor's Petition for Bankruptcy filed on October 28, 2019. See 11 U.S.C. Section 547(f); *Grove Peacock Plaza, Ltd. v. Resolution Trust Corp.,* 142 B.R. 506, 510 (Bankr. S.D. Fla. April 2, 1992). Accordingly, the burden shifts to the creditor to provide sufficient information to the contrary, and if provided, the burden shifts back to the debtor with respect to satisfying this third requirement to avoid the transfer of debtor's property. *See Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1351 (8th Cir. 1983).

Finally, the transfers, which clearly occurred within 90 days of the filing of Debtor's Chapter 11 Bankruptcy Petition, enabled the creditor to receive more than the creditor would have received if the case were a case under a Chapter 7 liquidation of the debtor [section 547(b)(5)] had the transfer not been made since there are at least three other non-insider creditors as reflected in Debtor's Petition for Bankruptcy and Official Form 204, and Balerdi Group Corporation in particular has an unsecured claim much larger than Defendant's; Balerdi Group Corporation's claim is for $2,768,562.02. *See In Re: Magnolia Lane Condominium Association, Inc*., Case No. 19-24437-LMI, Doc. 2 (Bankr. S.D. Fla. Oct. 28, 2019).

Based on the foregoing, Debtor is entitled to an Order and Judgment against Defendant: (a) avoiding the Transfers under 11 U.S.C. Section 547; (b) together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

    **B.**    **This Court Should Grant Debtor's Claim for "Recovery of Avoided Transfers" (Count II) Since All Requirements Under 11 U.S.C. Section 550 are satisfied**.

Assuming this Court finds that the two transfers made in September 2019 to Defendant are avoided under 547(b), this Court must also find that the Trustee may recover the avoided Transfers from Defendant pursuant to 11 U.S.C. Section 550(a) and grant Debtor's Motion for Summary Judgment as to Count II of its Complaint in the Adversary Proceeding.

In particular, Section 550(a), which is entitled "Liability of transferee of avoided transfer" provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title [11 USCS § 544, 545, 547, 548, 549, 553(b), or 724(a)], **the trustee may recover, for the benefit of the estate, the property transferred**, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

Accordingly, to the extent that this Court grants Debtor's Motion for Summary Judgment as to Debtor's claim that the September 2019 payments from Debtor to Defendant were "Avoided Transfers" under Section 547(b), this Court must issue an Order allowing Plaintiff to recover the Transfers or the value of the Transfers from Defendant under 11 U.S.C. Section 550(a); together with an award of pre- and post- judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action. Under the authority of 11 U.S.C. §550, a Chapter 7 trustee is entitled to prejudgment interest from transferee of preferential transfer under 11 U.S.C. §547 for period from demand for repayment to date of repayment. *In re Chase & Sanborn Corp.*, 127 B.R. 903 (Bankr. S.D. Fla. 1991), *In re H.P. King Co.*, 64 B.R. 487 (Bankr. E.D.N.C. 1986).

### C. This Court Should Grant Debtor's Claim for Disallowance of All Claims by Defendant (Count III) Since All Requisites under 11 U.S.C. Section 502(d) and (j) are satisfied.

To date, Defendant has not paid the $19,048.38 that it admitted to receiving from Debtor within the 90 day period prior to Debtor filing its Chapter 11 Bankruptcy Petition and there is no

9

evidence indicating that such fact is disputed.  Accordingly, assuming this Court finds that that the September 2019 payments from Debtor to Defendant were "Avoided Transfers" under Section 547(b), this Court should also find that all of Defendant's claims against Debtor's Chapter 11 Estate must be disallowed until such time as Defendant pays to Debtor an amount equal to the aggregate amount of the Avoided Transfers plus interest therein and costs pursuant to 11 U.S.C. 502(d).  Specifically, Section 502(d) provides:

> "…the court shall disallow any claim of any entity…" which "is a transferee of a transfer avoidable under [section 547 of the Bankruptcy Code among other provisions], unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title [11 USCS § 522(i), 542, 543, 550, or 553]."

See 11 U.S.C. Section 502(d).

Where a defendant is an entity from which the debtor's property is recoverable by the trustee under Section 550 of the Bankruptcy Code and was a transferee of the transfers avoidable as preferential transfers, the defendant's claim will be disallowed pursuant to 11 U.S.C. Section 502(d). *Dery v. Karafa (In re Dearborn Bancorp, Inc.)*, 583 B.R. 395 (Bankr. E.D. Mich. 2018); *In re Giroux*, 2018 Bankr. LEXIS 3984 (Bankr. D. Alaska Dec. 17, 2018).

In addition, Section 502(j) provides as follows:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.  11 USC Section 502(j).

Based on Section 502(j), any and all claims of Defendant, and/or its assignee against Debtor's Chapter 11 estate must be reconsidered and disallowed until such time as Defendant pays to Debtor an amount equal to the aggregate amount of all Avoided Transfers.

WHEREFORE, Debtor MAGNOLIA LANE CONDOMINIUM ASSOCIATION, INC. respectfully requests that this Court grant summary judgment in Debtor's favor as to all three of its causes of action and enter a judgment against Defendant SECURITY & FIRE SYSTEMS, INC. finding that:

a. The payments made on September 17, 2019 in the amount of $10,209.53 and on September 25, 2019 for $8,838.85, which together total $19,048.38 be avoided under Section 547 of the Bankruptcy Code;

b. That the September 2019 payments to the extent they are avoided under Section 547 be recovered by Debtor pursuant to Section 550 of the Bankruptcy Code;

c. That any and all claims held by Defendant and/or its assignee be disallowed in accordance with Sections 502(d), 502(j) until Defendant pays to Debtor an amount equal to the aggregate amount of all avoided transfers;

d. That prejudgment interest be awarded at the maximum legal rate running from the date of the filing of the Complaint to the date of judgment herein;That post-judgment interest be awarded at the maximum legal rate running from the date of the judgment herein until the date the judgment is paid in full, plus costs;

e. That Defendant be required to pay forthwith the judgment amount awarded in favor of Plaintiff.

Dated: February 10, 2020                                          Respectfully submitted,

                                                        JOHN PAUL ARCIA, P.A.
                                                        175 SW 7thStreet, Suite 2000
                                                        Miami, Florida 33130
                                                        786-429-0410/786-429-0411(fax)
                                                        E-mail: service@arcialaw.com

                                                        By:/s/ John Paul Arcia
                                                        John Paul Arcia, Esq.
                                                        Florida Bar No. 73723

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by email only to those person(s) with an e-mail address listed in this service list, and by first class U.S. Mail only to all person(s) on this service list, if any, for whom no email address is listed this 10th day of February, 2020:

Security and Fire System, Inc.
c/o Law Offices of Michael J. Brooks,
Michael A. Frank & Rodolfo De La
Guardia, Jr. Attorneys at Law
Michael A. Frank, Esq.
10 NW 42 Avenue, Suite 620
Miami, FL 33126
mfrank@bkclawmiami.com
Pleadings@bkclawmiami.com

                                          JOHN PAUL ARCIA, P.A.
                                          175 SW 7thStreet, Suite 2000
                                          Miami, Florida 33130
                                          786-429-0410/786-429-0411(fax)
                                          E-mail: service@arcialaw.com

                                          By:/s/ John Paul Arcia
                                          John Paul Arcia, Esq.
                                          Florida Bar No. 73723