UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24437-BKC-LMI
CHAPTER 13

ADVERSARY CASE NO. 19-01954-LMI

IN RE:
MAGNOLIA LANE CONDOMINIUM
ASSOCIATION, INC.,
    Debtor.
_____/

MAGNOLIA LANE CONDOMINIUM
ASSOCIATION, INC.
    Plaintiff

v.

SECURITY & FIRE SYSTEMS, INC.
_____/

### AFFIDAVIT IN RESPONSE TO PLAINTIFF, MAGNOLIA LANE CONDOMINIUM ASSOCIATION INC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

STATE OF FLORIDA    )
COUNTY OF MIAMI-DADE ) ss:

Michael A. Frank, first being duly sworn, deposes and says:

1. The Debtor has filed this Adversary Complaint and has requested that the payments made on behalf of the debt be voided and returned pursuant to 11 U.S.C. § 547.

2. The Defendant, Security & Fire Systems Inc., filed an Answer to the Adversary Complaint on January 23, 2020, [ECF 5].

3. The debtor has alleged that the payments made pursuant to the Complaint are recoverable under Sections 547 and 550.

4. 11 U.S.C. § 547 (a)(4)(A) allows pre-petition payments that were made on or within 90 days before the date of the filing of the petition to be recoverable as a preference.

5. Section 547 (b)(5)(A) states that a preference is not recoverable and "that enables such creditor to receive more than such creditor would receive if (A) the case were case under chapter 7 under this title".

6. A Judgment was entered against the Debtor, in favor of the Defendant, Security & Fire Systems Inc., dated July 25, 2018 in the amount of $342,029.11. The Defendant filed a proof of claim, claim number 3 on January 8, 2020 and amended proof of claim, claim number 3-2 was filed on February 6, 2020, as a secured claim in the amount of $100,00.00 and as an unsecured claim in the amount of $160,238.95. The entire amount of the debt may be fully secured, based upon Florida Statute 718.001. Upon the filing of the Judgment lien, the Judgment would attach to the Association, Magnolia Lane Condominium Association Inc., and their common elements. The labor performed on or materials provided to the common elements can be subject to a lien if authorized by the Condominium Association. The Association's authorization is judged to be the same as the express consent of each and every unit owner in the Condominium Association. *See* Fla. Statute § 718.121(1).

7. More specifically Fla. Statute § 718.121(2) asserts (Labor performed on materials furnished to the common elements are not the basis for a lien on the common elements, but if authorized by the Association, the labor or materials are deemed to be performed or furnished with the express consent of each unit owner and may be the basis

for the filing of a lien against all condominium parcels in the proportions for which the owners are liable for common expenses.

This is to say that when an Association hires a contractor to complete construction- related work, the work is regarded as sanctioned by all unit owners. It also means that since all unit owners are deemed to consent to the work, if the contractor is left unpaid, he can place a lien on each individual condominium parcel/unit. It is also important to note that the lien against each unit will be in the pro rata amount that the owner is liable for common expenses. And, finally, it means that each owner has the option to discharge the lien from his/her condominium unit. The owner can pay his/her proportional share to discharge the lien or the owner can transfer the lien to a bond or other security.

If a contractor is not paid by the association and chooses to enforce the lien and move forward with a lien foreclosure lawsuit, the contractor is not obliged to sue each individual owner. More precisely, the contractor can merely sue the Association since the association is deemed to represent the unit owners' interests. *See Trintec Construction, Inc., v. Countryside Village Condominium Association Inc.,* 992 So.2d 277 (Fla. 3d DCA 2008) (finding that unpaid roofing contractor filed lien foreclose action against association was not required to join all of the unit owners in the action); *Four Jay's Construction, Inc., v. Marina at the Bluffs Condominium Association, Inc.*, 846 So.2d 555 (Fla. 4th DCA 2003) (finding that balcony contractor properly sued the association in breach of contract actions as a class representative on behalf of the owners.)

8. The payments made to Defendant, Security & Fire Systems Inc., by the Debtor within 90 days did not enable the creditor to receive more than the creditor would

receive if this case was case under Chapter 7. This claim is fully secured based upon Florida Statutes and case law as cited as above.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL A. FRANK

STATE OF FLORIDA       )
COUNTY OF MIAMI-DADE )

I HEREBY CERTIFY that the foregoing AFFIDAVIT was acknowledged before me this, ___7___ day of ___MAY___, 2020, by _____, who is personally known to me or who has produced ___personally known___ as identification and who duly did take an oath.

_____
NOTARY PUBLIC

My Commission Expires:

RODOLFO H. DE LA GUARDIA
Notary Public - State of Florida
Commission # GG 046864
My Comm. Expires Nov 14, 2020
Bonded through National Notary Assn.